STANDARD OIL COMPANY OF KENTUCKY, et al. *v.* WADE

No. 42428　　　　November 5, 1962　　　　145 So. 2d 911

*W. W. Dent,* Collins; *Welch, Gibbes & Graves,* Laurel, for appellants.

*Allred & Adams, John D. Kervin, Jr.,* Collins, for appellee.

ETHRIDGE, J.

Vardaman A. Wade, appellee, brought this suit in the Circuit Court of Covington County against Standard Oil Company of Kentucky and L. N. Scarborough, defendants-appellants, for personal injuries to him resulting from a collision between a tractor driven by Wade and a transport truck and trailer belonging to Standard and driven by Scarborough. The jury rendered a verdict for plaintiff for $1,500 against both defendants, and a judgment was entered accordingly.

After a careful examination of the record, we are convinced that the circuit court should have given appellants their requested peremptory instruction. Hence

the judgment is reversed, and judgment is entered here for Standard and Wade.

The Standard truck was moving south on U. S. Highway 49 in the City of Collins. Scarborough, the driver, was well within the thirty mile speed limit. Wade, driving a farm tractor, was on Eighth Street, which runs east and west and crosses Highway 49. His tractor, on the west side of the highway, but headed east, drove up to the highway and stopped 3-4 feet from the concrete pavement. Wade said he was waiting for southbound traffic to pass. There was a passenger car ahead of the Standard truck some 30-50 feet, when Wade saw it. Manifestly the car had occupied the intersection, and the truck was so near it as to constitute an immediate hazard, precluding Wade from entering the intersection. The truck turned neither right nor left, according to Wade's testimony. When it began passing Wade's stopped vehicle, the front of the tractor hit the truck and trailer about half way back on the right side, near the "pull-wheels". Wade denied his tractor rolled forward toward the highway, but admitted the point of impact. Apparently he did not know what happened.

After the accident Wade told three disinterested witnesses, in addition to Scarborough, that he did not see the transport truck, and his tractor rolled into its side. He did not deny these admissions against interest, but said he did not remember, and he was shaken up from the collision. Wade paid a fine for failing to yield the right of way. The truck stopped, after the impact, within 18-30 feet. There were no skid marks. Photographs taken shortly after the accident, before either vehicle was moved, reflect the truck was headed straight south and all wheels were on the pavement of the highway. The tractor was on the edge of it, even after the impact.

In short, the evidence does not reflect the defendants were guilty of any negligence proximately contributing

to plaintiff's injuries, but, on the contrary, plaintiff's own negligence was the sole proximate cause of the accident. The truck was on the highway, the driver was keeping a careful lookout and driving within speed limits, and had the right of way at this intersection, having either entered it or being so close to it as to preclude lawful entry by Wade. Appellants can be held liable only if they were guilty of negligence. There was none on this record. There was no factual issue of negligence to submit to the jury.

Plaintiff's sole instruction on the merits apparently was based on a last clear chance theory, that the truck driver had a reasonable opportunity to avoid colliding with plaintiff. Yet the evidence shows that there was no such opportunity by Scarborough to avoid the collision; that Wade's tractor must necessarily have rolled into the side of the truck and trailer. It was impossible for the latter to have moved sideways 3-4 feet, hit the tractor, and then straightened out on the highway before stopping. We might conjecture that there would be a possibility of such an event happening, but verdicts can not be based on possibilities. Denman v. Spain, 242 Miss. 431, 135 So. 2d 195 (1961); Yazoo and M. V. R. Co. v. Skaggs, 181 Miss. 150, 179 So. 274 (1938). ██ █ The only reasonable inference to be drawn is that Wade's negligence was the sole proximate cause of the accident. The testimony and the physical facts require this conclusion.

Reversed and judgment rendered for appellants.

*Lee, P. J., and Kyle, Gillespie, and McElroy, JJ.,* concur.